(1:13cv1688)

PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EDWARD TAYLOR, ) | |
| ) | CASE NO. 1:13cv1688 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| CUYAHOGA COUNTY BOARD OF, ) | |
| COMMISSIONERS, *et al.* ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | [Resolving ECF No. 3] |

This matter is before the Court on Plaintiff Edward Taylor's Motion For Appointment of Counsel. (ECF No. 3.) Plaintiff requests legal representation for his civil rights complaint against several Cuyahoga County employees. He asserts his civil rights were violated when he unknowingly entered into an invalid plea agreement.

By statute, "the court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel in a civil case is a privilege, however, and not constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). Justification for appointed an attorney must be based on exceptional circumstances. *Id.* Thus, while the Court has the power to provide counsel in a civil case, *United States v. McQuade*, 579

(1:13cv1688)

F.2d 1180 (9th Cir. 1978), it is discretionary and not often invoked. *Austin v. United States*, 509 U.S. 602, 608 (1993) (constitutional right to counsel protected by Sixth Amendment is explicitly confined to criminal prosecutions). Because it is not practical to rely on any "comprehensive definition of exceptional circumstances"; *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir.1982); courts resolve this issue through a fact-specific inquiry. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986). The Court is left to examine the pleadings and documents in the record, analyze the merits of the claims, the complexity of the case, the *pro se* litigant's prior efforts to retain counsel, and his ability to present his claims. *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir.1985); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir.1985).

Plaintiff has not satisfied the standard for appointment of counsel. While he may qualify for pauper status, he does not indicate that he made any independent effort to secure counsel. Moreover, a review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel. Accordingly, the motion for appointment of counsel is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[1]

---

[1] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

2

(1:13cv1688)

    IT IS SO ORDERED.


|  December 23, 2013 |   */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |