PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD TAYLOR, | ) | |
| | ) | CASE NO. 1:13CV01688 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CUYAHOGA COUNTY BOARD OF, | ) | |
| COMMISSIONERS, *et al.* | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 1] |

Before the Court is *pro se* Plaintiff Edward Taylor's civil rights Complaint filed against the Cuyahoga County Board of Commissioners (John Does (1-25)), Chief Cuyahoga County Public Defender Robert Tobik; Jesse Canonico, Assistant County Prosecuting Attorney; Judge Richard J. McMonagle; Public Defender William McGinty; Assistant Public Defender Gregory K. Mullin; Assistant Public Defender Terri M. Webb; Eighth District Court of Appeals Judge Melody J. Stewart, Judge Mary J. Boyle; Judge James J. Sweeney; Judge Kathleen Ann Keough; Judge Larry A. Jones, Sr.; and Judge Sean C. Gallagher. He asserts this Court's jurisdiction pursuant to 42 U.S.C. §1981(b)&(c), 42 U.S.C. §§1983, 1985(3) and 1988(a). Plaintiff maintains he was unknowingly induced by Defendants to enter into an invalid plea agreement in violation of his Fifth, Sixth, and Fourteenth Amendment rights. Moreover, Defendants

(1:13CV01688)

arbitrarily denied him the right to rescind the allegedly void contract. Plaintiff now seeks to place the parties in the same position as they were in before the allegedly illegal contract, or money damages for the "extraordinary" injures and losses he has suffered.

## I. Background

On May 26, 2009, Plaintiff pleaded guilty to aggravated murder and attempted murder in the Cuyahoga County Court of Common Pleas. *See State v. Taylor*, No. CR-07-502904-A (McMonagle, J.)  In exchange for the plea, the State agreed, *inter alia*, to drop the capital murder specifications. Based on the parties' agreement, Judge McMonagle imposed a life sentence with parole eligibility after 30 years.

Plaintiff appealed his conviction to the Eighth District Court of Appeals. There he challenged his guilty plea on the grounds that it should have been taken by a three-judge panel; the court failed to inform him of the effect of his guilty plea; and the court erred by informing him that he would be subject to post-release control. *See State v. Taylor,* No. 94569, 2010 WL 4684761 (Ohio App. 8 Dist. November 18, 2010). The appeals court affirmed the trial court's judgment, but found that the reference to post-release control was a nonprejudicial error that should be deleted from the court's sentencing entry. As such, the case was remanded to the trial court for the limited purpose of allowing the court to correct the sentencing entry. Plaintiff filed an appeal to the Ohio Supreme Court, which declined to accept it. *See State v. Taylor*, 128 Ohio St.3d 1462, 945 N.E.2d 524 (April 20, 2011).

On December 1, 2010, Judge McMonagle complied with the appeals court order by

2

(1:13CV01688)

deleting the reference to post-release control in Plaintiff's sentence. Almost ten months later, Plaintiff filed a motion in the trial court for "specific performance [or] rescission to avoid plea agreement and to set aside the agreement" on the grounds that the erroneous imposition of post-release control voided his plea agreement with the State. *State v. Taylor*, No. CR-07-502904-A (Mot. of 9/2/11). The trial court denied Plaintiff's motion, and he appealed.

The Eighth District Court of Appeals construed Plaintiff's appeal as a postconviction attempt to withdraw his plea. As such, it determined Plaintiff failed to demonstrate manifest injustice when the trial court denied his motion, and, thus, held that the trial court did not abuse its discretion. *State v. Taylor*, No. 97690, 2012 WL 1650164 (Ohio App. 8 Dist., May 10, 2012). Moreover, the appeals court noted that the arguments Plaintiff raised on appeal were already rejected in the direct appeal he filed before the Eighth District. From this, the appeals court concluded that "the assigned error raised by Taylor is barred by *res judicata*, which precludes the further litigation in a criminal case of issues that were raised previously in a direct appeal." *Id*. The Ohio Supreme Court declined to accept Plaintiff's appeal in September, 2012. *State v. Taylor*, 132 Ohio St.3d 1534, 974 N.E.2d 1210 (Sept. 26, 2012). Almost one year later, Plaintiff filed the above-captioned complaint in this Court.

Plaintiff now raises the following eleven claims for relief: COUNT I - Abuse of Process; COUNT II - Malicious Use of Process; COUNT III - Conspiracy to Commit Official Oppression; COUNT IV -Violation of Federally Constitutional Rights; COUNT V - Violation of State Constitutional Rights; COUNT VI -Intentional Infliction of Emotional Distress; COUNT VII -

3

(1:13CV01688)

Negligent Infliction of Emotional Distress; COUNT VIII - Reckless Infliction of Emotional Distress; COUNT IX - Malicious Prosecution; COUNT X -Fraudulent Misrepresentation; and, COUNT XI -Fraudulent Inducement. In substance, Plaintiff alleges that "as a direct and proximate result" of the plea negotiations, Defendants conspired to deprive him of his right to effective counsel by inducing him to enter into a contract he believes is void and illegal. He also claims the Eighth District Court of Appeals caused "anticipatory breach" by ordering the trial court to delete post-release control from the terms of his parole agreement. For the reasons set forth below, Plaintiff has failed to state a claim for which relief can be granted.

## II. Standard of Review

Although *pro se* pleadings are liberally construed; *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)(per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to § 1915(e).

## III. Failure State a Claim

42 U.S.C. §1983 provides a civil cause of action to any citizen of the United States against any person who, under color of state law, deprives the citizen of "any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir.1991). A successful § 1983 claim requires a plaintiff to prove two

4

(1:13CV01688)

elements: (1) that he was deprived of a right secured by the Federal Constitution or laws of the United States; and (2) that he was subjected to this deprivation by a person acting under the color of state law. *See Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir.1994). "By its terms, § 1983 creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." *Gardenhire v. Schubert*, 205 F.3d 303, 310 (6th Cir.2000) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)). Here, Plaintiff's allegations of constitutional violations are premised on the belief that he can assert a § 1983 claim based on an alleged breach of a plea agreement. He cannot.

An action in federal court challenging the terms of a conviction or sentence rendered in a state court must be brought as an action for a writ of habeas corpus under 28 U.S.C. § 2254. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973). Thus, any claims against state officials for breach of a plea agreement that implicates, as this Complaint does, the terms of one's conviction or sentence must be raised pursuant to a habeas petition. *See, e.g., Mabry v. Johnson*, 467 U.S. 504 (1984), *abrogated in part on other grounds*, *Puckett v. United States*, 556 U.S. 129 (2009). In *Heck*, the Supreme Court held that a prisoner cannot bring a civil rights action for money damages alleging a claim that would necessarily invalidate a criminal conviction unless and until that conviction has been set aside. In *Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003), the United States Court of Appeals for the Sixth Circuit held that *Heck* bars conspiracy claims under 42 U.S.C. § 1985 when the relief sought attacks the lawfulness of a criminal conviction that has not been set aside.

5

(1:13CV01688)

Plaintiff repeatedly seeks to be placed in the same position he was prior to entering his guilty plea. Clearly, this would undermine his criminal conviction. Plaintiff cannot attack his plea agreement in a civil rights action when that agreement has not been set aside.

Based on the foregoing, the Complaint is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

| | |
|---|---|
| February 20, 2014 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[1] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."